UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| WILLIAM P. HOLT and <br> RHONDA HOLT, husband and wife <br><br> *Plaintiffs*, <br><br> v. <br><br> KNOX COUNTY TENNESSEE, <br><br> ANTHONY RATHBONE, Officer with <br> The Knox County Sherriff's Department, and <br><br> JASON ACUFF, Officer with the Knox County <br> Sherriff's Department, <br><br> *Defendants*. | No.: 3:12-CV-465-PLR-CCS |

### Memorandum Opinion and Order

Plaintiffs William and Rhonda Holt brought this action under 42 U.S.C. § 1983 alleging violations of their Fourth Amendment rights against unreasonable search and seizure relating to the plaintiffs' arrest. Mr. Holt also brought state-law claims for assault and battery. The Holts dismissed Knox County on March 10, 2014. Presently before the Court are Officer Rathbone and Officer Acuff's motions for summary judgment, the defendants' motion to strike, and the plaintiffs' motion for a hearing on the summary judgment motions. For the following reasons, the Defendants' Motion to Strike is **GRANTED**, the Plaintiffs' Motion For a Hearing is **DENIED**, and Defendants' Motions for Summary Judgment are **GRANTED** in part and **DENIED** in part.

1. **Defendants' Motion to Strike Medical Records and Medical Opinions**

The defendants' move to strike 32 pages of medical records that were attached to the Holts' response in opposition of summary judgment. [Docket No. 45-2, pp. 17-49]. Under Federal Rule of Civil Procedure 56(c)(2), "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The defendants contend that these medical records are inadmissible under Federal Rules of Evidence 801, 802, 901, and 902. The Holts' did not dispute this argument. Accordingly, the medical records attached to Mr. Holt's affidavit are stricken for the purpose of ruling on summary judgment.

The defendants also move to strike paragraph 40 of Mr. Holt's affidavit, filed with his response to the defendants' summary judgment motions, which states, "[t]he remaining exhibits to this Affidavit are excerpts of medical bills and medical treatments showing that I received medical treatment of my injuries including nerve induction tests and surgery on both of my wrists for carpel tunnel syndrome caused by the abuse of Acuff and Rathbone." The defendants argue that Mr. Holt is attempting to offer expert testimony of causation and medical necessity, which constitutes impermissible expert testimony by a layperson under the Federal Rules of Evidence. Because the Holts do not dispute the defendants' argument, the Defendants' Motion to Strike will be **GRANTED**.

2. **Plaintiffs' Motion for a Hearing**

The Holts filed a motion seeking a hearing to argue the motions for summary judgment. The Court finds that the facts and legal arguments are adequately presented in the parties' papers

2

Case 3:12-cv-00465-PLR-CCS   Document 64   Filed 05/05/14   Page 2 of 16   PageID #: 393

such that the decision process would not be significantly aided by oral argument. Accordingly, Plaintiffs' Motion for Oral Argument will be **DENIED**.

3. **Standard of Review on Summary Judgment**

Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the non-moving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper

3

question for the fact finder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

**4. Relevant Facts**

On September 10, 2011, William Holt was driving with his wife, Rhonda Holt, and another passenger, Jerell Gordon, when Officer Rathbone of the Knox County Sheriff's Department pulled him over for driving without taillights. The scene was recorded by another officer's dashboard camera. After a pat down and a brief conversation during which Mr. Holt admitted he had been drinking on an empty stomach, Officer Rathbone instructed Mr. Holt to take a seat on the ground. Officers ordered Mrs. Holt and Mr. Gordon from the vehicle and handcuffed them, telling them they weren't under arrest; they were just being detained. Officer Acuff asserts that, during this interaction, he detected the odor of alcohol on Mrs. Holt's breath and person and that she had watery bloodshot eyes.[1] Officer Acuff also states that he observed a half-empty bottle of vodka on Mr. Holt's side of the vehicle (though the timing of this discovery is under dispute) and that Mrs. Holt admitted to drinking that evening. The officers decided not to charge Mrs. Holt and Mr. Gordon, asked if they had anybody that could give them a ride

---

[1] The Holts contest this assertion in their response, noting that "there was no mention of the smell of alcohol on the arrest report, although Rathbone testified 'Yes, that's usually something I'll put in there.'" [Docket. No. 45, p. 21.]

4

home, and how far away that person may be. Suddenly, Mr. Holt stood up and moved towards the officers shouting, "*this is f---ing bullshit*." Officers Acuff and Rathbone immediately engaged Mr. Holt and the three went to the ground.

At this point, three additional officers engaged and a struggle ensued. The officers repeatedly ordered Mr. Holt to give them his hands. They claim Mr. Holt tucked his hands under his body and refused to produce them. Mr. Holt claims his hands were pinned down by the officers and that he was unable to comply. When he did not produce his hands, officers punched him a number of times "to gain control of his arm[s]." While this was happening, Officer Acuff was positioned at Mr. Holt's head, where he claims he used a "cradle" technique to protect Mr. Holt's head and neck. The plaintiffs allege that instead of protecting Mr. Holt's head and neck Officer Acuff "repeatedly drove his right knee into Mr. Holt's head." The video is not definitive because the struggle was on the ground and partially obscured by the hood of the police car.

After using a taser, the officers got hold of Mr. Holt's hands and cuffed him—tightly enough to leave bruises on at least one of Mr. Holt's wrists. Again, it is difficult to tell from the video, but it appears that Officer Acuff knees Mr. Holt again at this point. Acuff denies ever kneeing Mr. Holt; though he does state that he elbowed Mr. Holt in the head when the officers were trying to get Mr. Holt to release his hands.[2] Officers Acuff and Rathbone pulled Mr. Holt to his feet by lifting his cuffed hands and arms behind his back, and brought him to the front of the police car. The officers claim they lifted Mr. Holt by placing hands under his shoulders while Mr. Holt claims the officers "yanked his hands and handcuffs from behind his back and lifted him by his hands and handcuffs."

---

[2] The Court was unable to locate Officer Acuff elbowing Mr. Holt on the video. It may have been obscured by another officer or the hood of the police car or it may not have happened.

Once off the ground and facing the camera, the record reflects that Mr. Holt's face was bleeding and his ear torn. He did not appear to be struggling at this point. With his torso pressed down to the hood of the police car, Officers Acuff and Rathbone pushed Mr. Holt's cuffed hands high behind his back. There is little doubt that this caused Mr. Holt pain. Then Officer Acuff took one of Mr. Holt's fingers and bent it back causing Mr. Holt to groan in pain. On the video, Mr. Holt can be heard saying what sounds like, "I'm not doing anything," to which Officer Acuff replies, "I know you're not."

With his torso still pressed to the hood of the police car, Officers Acuff and Rathbone (who were standing on either side of Mr. Holt) decide they need to search him more thoroughly. They order Mr. Holt to step back, but almost immediately begin kneeing him in both sides. The officers say he was noncompliant when they ordered him to step back, prompting them to "administer knee strikes" to obtain compliance. Finally, Officer Acuff announced, "F--- them, load 'em all!" Instead of letting Mrs. Holt get a ride home, as the officers had discussed with her shortly before, they arrested her for public intoxication.

Mr. and Mrs. Holt brought this action under 42 U.S.C. § 1983 seeking damages for Officer Acuff and Officer Rathbone's actions that deprived them of their Fourth Amendment right against unreasonable search and seizure as well as state-law claims for assault and battery. The Holts dismissed Knox County, and only the officers remain defendants in this case. Officers Acuff and Rathbone moved for summary judgment on the grounds that their conduct, viewed in the light most favorable to the plaintiffs, did not amount to a constitutional violation, and that even if it did, they are entitled to qualified immunity.

6

5. Analysis

In a qualified immunity case, the Court considers: (1) whether the action violated a constitutional right; and (2) whether that right was clearly established such that a reasonable officer would understand that he is violating the right. *Id.* (citing *Eldridge v. City of Warren*, 533 F. App'x 529, 532 (6th Cir. 2013). The Court views the evidence in a light most favorable to the party asserting the injury—the Holts. *Eggleston v. Short*, --- Fed. App'x. ----, 2014 WL 1257941, *1 (6th Cir. March 28, 2014) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

A. **Excessive Force**

i. **Whether a constitutional violation occurred**

Claims that an officer used excessive force in the course of an arrest or investigatory stop should be analyzed under the Fourth Amendment's "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). This involves a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The question is whether the force used was objectively reasonable in light of the facts and circumstances with which an officer is confronted, and irrespective of his underlying intent or motivation. *Id.* at 396. Facts to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to others' safety, and whether the suspect is attempting to evade or resist arrest. *Id.*

7

### a. Officer Acuff

The Holts argue that Officer Acuff used excessive force when he: (1) kneed Mr. Holt in the head; (2) picked Mr. Holt up by his cuffed hands; (3) pressed Mr. Holt's cuffed hands high behind his back so as to cause pain; (4) manipulated Mr. Holt's finger despite Mr. Holt offering no resistance; and (5) kneed Mr. Holt repeatedly in the side when Mr. Holt failed to step back on command. As discussed above, the Court's inquiry on summary judgment is simply determining whether there is a need for trial. Viewing the facts in a light most favorable to Mr. Holt, the Court cannot conclude as a matter of law that the level of force employed by Officer Acuff was objectively reasonable. Mr. Holt has presented sufficient evidence to properly put this question before the jury.

A jury could reasonably find that Officer Acuff's efforts in subduing Mr. Holt and getting Mr. Holt to release his hands were objectively unreasonable. The Court is cognizant of the fact that some amount of deference must be given to "police officers [who] are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. at 369-97. However, it is significant that Officer Acuff kneed Mr. Holt *in the head*. The Sixth Circuit has repeatedly held that a blow to a suspect's head may constitute excessive force. *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 609 (6th Cir. 2006) ("Even if we were to agree with defendants that Officer Taylor's use of his asp was necessary to subdue Snader-and we do not-Officer Taylor could have struck Snader in another, less sensitive part of Snader's body."). Accordingly, a jury could reasonably find this use of force excessive.

Once Mr. Holt was cuffed, obviously not resisting, and presenting little if any threat to anybody else, there was no governmental interest to be served by lifting Mr. Holt by his cuffed

hands and manipulating Mr. Holt's fingers and arms in a manner that could cause pain. Officer Acuff asserts that these were *de minimus* acts akin to grabbing a suspect by the shoulder or pushing him. He cites *Lacey v. City of Warren*, 2013 WL 5466680, *7 (N.D. Ohio Sept. 30, 2013), for the proposition that his actions were reasonable as a matter of law; however, *Lacey* is distinguishable from the present case. In *Lacey*, an officer was granted qualified immunity in a §1983 suit based on the officer placing his hand on the shoulder of a non-compliant suspect and pushing him toward a car to gain control of the situation. Officer Acuff asserts that he exerted a similar *de minimus* level of force to control Mr. Holt, who he claims was not completely subdued; however, Officer Acuff's description of the event is inconsistent with Mr. Holt's account.

It is evident from the video that Mr. Holt was no longer offering any resistance when Officer Acuff bent his finger and pressed his arms up behind his back. Mr. Holt appears to say, "I'm not doing anything," to which Officer Acuff appears to acknowledge, "I know you're not." Because the officers appeared to have complete control over Mr. Holt and he no longer posed an obvious threat to the officers or bystanders, the Court concludes that a jury could reasonably find these actions objectively unreasonable.

Finally, Officer Acuff argues that it was objectively reasonable for him to "administer knee strikes" to Mr. Holt's sides when Mr. Holt failed to promptly step back to be searched. By the time he was told to step back, Mr. Holt had been taken to the ground, punched, kneed, and tased. Moreover, Mr. Holt was face down on the hood of a police car with officers holding his cuffed hands high behind his back—a position that may have made compliance difficult. Officers Acuff and Rathbone both characterize this moment as a tense situation requiring split-second judgments about a possibly dangerous suspect. That may have been an accurate

9

description of the moment Mr. Holt initially stood up in a threatening manner, but by the time the officers kneed him in the sides, Mr. Holt was handcuffed and fully subdued. Such a use of force is not objectively reasonable as a matter of law. *See Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 607 (6th Cir. 2006) ("We have held repeatedly that the use of force after a suspect has been incapacitated or neutralized is excessive as a matter of law."); *see also Shreve v. Jessamine Cty. Fiscal Court*, 453 F.3d 681, 687 (6th Cir. 2006); *Champion v. Outlook Nashville, Inc.*, 280 F.3d 893, 902 (6th Cir. 2004); *Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) ("[T]here was simply no governmental interest in continuing to beat Phelps after he had been neutralized, nor could a reasonable officer have thought there was.").

Because there is a legitimate dispute over a number of material factual issues, primarily whether the amount of force he used was reasonable, Officer Acuff's Motion for Summary Judgment will be **DENIED** with respect to his excessive force claims.

### b. Officer Rathbone

Viewing the facts in a light most favorable to the non-moving party, the record reflects that Mr. Holt has also alleged sufficient facts for his excessive force claims against Officer Rathbone to survive judgment as a matter of law. Mr. Holt alleges that Officer Rathbone used excessive force when he: (1) handcuffed Mr. Holt too tightly; (2) picked Mr. Holt up by the handcuffs; and (3) kneed Mr. Holt to get him to step back.

For the same reasons stated above with respect to Officer Acuff, Mr. Holt has pled sufficient facts that, viewed in the light most favorable to Mr. Holt, create a genuine issue of material fact regarding whether Officer Rathbone used excessive force in picking Mr. Holt up by the handcuffs and kneeing Mr. Holt to get him to step back.

Additionally, Mr. Holt has pled sufficient facts that, viewed in the light most favorable to him, support a reasonable jury finding that Officer Rathbone used excessive force in cuffing Mr. Holt. Mr. Holt alleged that he repeatedly said "Ow!" in response to the tightening of the cuffs. Additionally, Mr. Holt alleges that he suffered physical injury as a result of the cuffing, and he has submitted a photo of his bruised wrist. A reasonable jury could find that Officer Rathbone was aware that the cuffs were too tight, that he ignored Mr. Holt's complaints, and that Mr. Holt experienced injury as a result.

Mr. Holt also alleges that Officer Rathbone violated his Fourth Amendment rights by failing to intervene and prevent Officer Acuff from kneeing Mr. Holt in the head and bending back Mr. Holt's finger. A police officer can be held liable for failing to protect a person from the use of excessive force when "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

During the struggle on the ground, the record reflects that Officer Rathbone was focused on gaining control of Mr. Holt's left hand. Nothing in the record indicates that Officer Rathbone was aware that Officer Acuff was kneeing Mr. Holt in the head. Moreover, it is unrealistic to believe that Officer Rathbone had sufficient time to observe and put a stop to Officer Acuff's kneeing, which lasted only a few seconds. *See Burgess v. Fisher*, 735 F.3d 462 (6th Cir. 2013) (defendants did not have time to perceive an incident and intervene to assist plaintiff when the incident only lasted about ten seconds). Officer Rathbone's argument is well taken with respect to failure to prevent Officer Acuff from kneeing Mr. Holt. His Motion for Summary Judgment will be **GRANTED** with respect to this issue.

The evidence viewed in the light most favorable to Mr. Holt indicates that Officer Rathbone may have been aware that Officer Acuff was bending Mr. Holt's finger with time to intervene. At 23:25:29 on the video, Officer Acuff can be seen folding Mr. Holt's finger back and holding it there. Officer Rathbone appears to look directly at what Officer Acuff was doing. This was not a rapidly developing situation, and Officer Rathbone appears to have had adequate time to intervene. Because a jury could reasonably find that Officer Rathbone knew what Officer Acuff was doing, but failed to intervene despite having the opportunity to do so, Officer Rathbone's Motion for Summary Judgment will be **DENIED** with respect to this issue.

### ii. The constitutional right at issue was clearly established.

The Sixth Circuit has repeatedly stated that "the right to be free from excessive force is a clearly established Fourth Amendment right." *Champion v. Outlook Nashville, Inc.*, 380 F.3d at 902 (quoting *Neague v. Cynkar*, 258 F.3d 504, 507 (6th Cir. 2001)). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right;" however, a plaintiff is not required to cite "fundamentally similar" or "materially similar" cases. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Taking Mr. Holt's allegations as true for the purposes of summary judgment, a reasonable officer, in Officer Acuff or Officer Rathbone's position, should have known that the force used was unreasonable in violation of Mr. Holt's Fourth Amendment rights.

Summary judgment is not appropriate if there are factual disputes involving an issue on which the question of immunity turns, "such that it cannot be determined before trial whether the defendant did acts that violate the clearly established rights." *Pray v. City of Sandusky*, 49 F.3d 1154 (6th Cir. 1995). The Sixth Circuit has made clear that the jury is the final arbiter of a

defendant's immunity claim because the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury. *Id., see also Brandenburg v. Cureton*, 882 F.2d 211, 215-16 (6th Cir. 1989). It is for the trier of fact, not the court, to make credibility determinations with respect to whether the force used by the officers in this case was excessive. Accordingly, the Defendants' Motions for Summary Judgment on the basis of qualified immunity will be **DENIED**.

### B. Probable Cause for Arrest

In addition to the excessive force claims, the plaintiffs argue that Officers Acuff and Rathbone arrested Mr. and Mrs. Holt without probable cause in violation of their Fourth Amendment rights. In § 1983 actions relating to probable cause, "a jury question is presented unless only one determination is reasonably possible." *Brown v. Nabors*, 2011 WL 2443882, *14 (M.D. Tenn. June 15, 2011) (citing *Klein v. Long*, 275 F.3d 544, 550 (6th Cir. 2001)).

As for Mr. Holt's arrest—he admitted at the scene that he had been drinking on an empty stomach and did not dispute that he was driving. This information was sufficient to give the officers reasonable suspicion to detain Mr. Holt. When Mr. Holt abruptly came to his feet and yelled at the officers, the reasonable suspicion was elevated to probable cause to arrest Mr. Holt for driving under the influence and resisting arrest. The fact that the charges were later dismissed has no bearing on whether the police had probable cause to arrest him in the first place. *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988) ("A valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent."). Accordingly, the officers' Motions to Dismiss with respect to this issue will be **GRANTED**.

Mrs. Holt's situation supports a different conclusion. Officer Acuff asserts that when he ordered Mrs. Holt from the vehicle, he noticed that she smelled of alcohol and had watery

13

bloodshot eyes. He proceeded to handcuff Mrs. Holt, but explained to her that she was not under arrest—he was simply "detaining" her. Mrs. Holt appeared to be standing steadily and easily communicating with the officers. She did not appear to be a threat to herself or others. It was while Officer Acuff was handcuffing Mrs. Holt, that Mr. Holt jumped to his feet and the altercation ensued. Nothing in the record indicates that Mrs. Holt interfered with the officers while they were dealing with Mr. Holt or that she failed to comply with any orders given by the officers. After the officers were forced to deal with Mr. Holt, despite no change in the facts relating to Mrs. Holt, Officer Acuff yelled "f--- them, load 'em all." Officers Acuff and Rathbone claim that they arrested Mrs. Holt for public intoxication.

Under T.C.A. § 39-17-310, a person commits the offense of public intoxication if they appear in a public place under the influence of alcohol to the degree that the person is a danger to themselves or others, or the person unreasonably annoys people in the vicinity. Mrs. Holt was in a public place at the time of her arrest, but nothing in the record, including the video, indicates Mrs. Holt was a danger to herself or others or was unreasonably annoying to people in the vicinity. The smell of alcohol and watery bloodshot eyes gave the officers reasonable suspicion to detain Mrs. Holt; however the officers apparently did not find her a threat to herself or others because they initially decided not to charge her and even asked her if someone could come pick her up. Nothing changed during the police's altercation with *Mr.* Holt that would elevate their reasonable suspicion against *Mrs.* Holt to probable cause. Accordingly, a reasonable jury could find that probable cause was lacking to arrest Mrs. Holt.

"The law was clearly established that, absent probable cause to believe that an offense had been committed, was being committed, or was about to be committed, officers may not arrest an individual." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 310 (6th Cir. 2005)

14

(quoting *Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir.1999)). Because the law was clearly established, and there is a question of material fact relating to the existence of probable cause, the officers are not entitled to qualified immunity and their Motions for Summary Judgment will be **DENIED** with respect to this issue.

C. **State-Law Claims for Assault and Battery**

Officers Rathbone and Acuff both contend that Mr. Holt's state-law claims for assault and battery should to be dismissed as a matter of law. Under Tennessee law, assault consists of "any act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against that person." *Vafaie v. Owens*, 01A01-9510-CV-00472, 1996 WL 502133 (Tenn. Ct. App. Sept. 6, 1996) (quoting *Huffman v. State*, 292 S.W.2d 738, 200 Tenn. 487 (Tenn. 1956) (overruled on other grounds by *State v. Irvin*, 603 S.W.2d 121 (Tenn.1980))). There is no question that Officers Acuff and Rathbone had the present ability to use actual violence against Mr. Holt; however, the record is not definitive as to the officers' intent. Because there is a question of material fact regarding the officers' intent, their Motions for Summary Judgment will be **DENIED** with respect to Mr. Holt's assault claim.

The Motions for Summary Judgment will also be **DENIED** with respect to Mr. Holt's battery claim. When a plaintiff asserts a battery claim under Tennessee law arising from the same use of force as the plaintiff's § 1983 claim, the analysis is the same for both causes of action. *Griffin v. Hardrick*, 604 F.3d 949, 956-57 (6th Cir. 2010). *See also Lee v. Metro Gov't of Nashville & Davidson County*, 596 F.Supp.2d 1101, 1118 (M.D. Tenn. 2009) ("Plainly, whether the analysis concerns whether an officer committed state-law battery by using force that was 'clearly excessive,' the same principles . . . are applied."). For the same reasons summary

judgment is inappropriate with respect to the plaintiffs' excessive force claims brought under § 1983, it is inappropriate for Mr. Holt's state-law battery claim.

Finally, Officer Acuff argues that the Court has broad discretion under 28 U.S.C. § 1367(c)(3) to dismiss or retain jurisdiction over these pendent state-law claims. "[T]he usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment." *Thacker v. Lawrence County*, 182 Fed. Appx. 464, 470 (6th Cir. 2006). In the present case, because the Court is not disposing of all the federal claims on summary judgment, there is no compelling reason for the Court to dismiss the state-law claims.

## 6. Conclusion

For the reasons stated herein, the defendants' motion to strike is **GRANTED**, and the plaintiffs' motion for oral argument is **DENIED**. Officer Rathbone and Acuff's motions for summary judgment are **GRANTED** in part with regard to the claim that Mr. Holt's arrest was without probable cause. Officer Rathbone's motion for summary judgment is also **GRANTED** in part with respect to the claim that he failed to intervene and prevent Officer Acuff from kneeing Mr. Holt. The remainder of Officer Acuff and Rathbone's motions for summary judgment are **DENIED**.

**It is so ORDERED.**

_____
UNITED STATES DISTRICT JUDGE